Mr. Justice Clayton
delivered the opinion of the court.
The complainant, a resident of the state of North Carolina, in the year 1837 placed in the possession of the defendant, John R. Wooten, then about to move to the state of Mississippi, a negro man named Tony, to be sold or hired by said Wooten for him. The slave was brought to this state by said Wooten, and sold to one Moore for $1050, upon a credit. Wooten took Moore’s note for the amount, and on 3d November, 1839, transferred it to his father and co-defendant, Robert Wooten, in payment of a debt due from the son to the father. The note was afterwards paid, and this bill is filed against the two Wootens, charging them with a fraudulent combination to cheat the complainant out of the value of the note, and praying for a decree for the payment of the money.
Both defendants have filed an answer and a demurrer, in which the illegality of the original transaction, and its violation of the laws and policy of this state, are insisted on by way of' defence.
The principle is established beyond controversy, that a contract in violation of law, or against public policy, cannot be enforced in the courts of the country. Brian v. Williamson, 7 How.; Armstrong v. Toler, 11 Wheat.; Craig v. Missouri, 4 Peters. It is also settled in this state that a note given for the price of a slave introduced into this state as merchandise, or for sale since 1st May, 1833, is void, because contrary to law. If, therefore, this were a proceeding by the complainant against Moore, the purchaser of the slave, to recover the price, it is very manifest, under the decisions of this court, that no recovery could be had. Is the present attitude of the case materially different ?
*386 Perhaps the rule is nowhere stated with more clearness than in Armstrong v. Toler, 11 Wheat. 258 : “Where the contract grows immediately out of, and is connected with an illegal or immoral act, a court will not lend its- aid to enforce it. But if the promise be unconnected with the illegal act, and is founded on a new consideration, it is not tainted by the act, and a recovery may be had.” In Simpson v. Bloss, 7 Taunt. 246 (2 Eng. C. L. Rep. 89,) it is stated, that “ the test whether a demand connected with an illegal transaction, can be enforced at law, is whether the plaintiff requires any aid from the illegal transaction to establish his case.” This rule is cited and sanctioned in Roby v. West, 4 N. Hamp. 290.
Now in the case before us, the complainant sets out his contract with John R. Wooten, as the foundation of his claim. Robert Wooten received the benefit of the sale of the negro, but the complainant cannot establish any claim against Robert Wooten, without resort to the original contract with John. That contract involved a violation of the laws of Mississippi; it was invalid, and we could not decide for the complainant without giving sanction and efficacy to that contract.
There are cases which decide that where the demand is collateral to the original transaction, as where money has been loaned to pay an illegal debt, although the lender knew the illegal purpose, he may recover. Of this class are Faikney v. Regnons, 4 Burr.; Petrie v. Hannay, 3 T. R. But the principle upon which they go would not be applicable here, unless there had been some collateral undertaking of Robert Wooten to pay.
At one time it occurred to us as possible that the complainant, being a resident of another state, could not be charged with a knowledge of our laws ; thus falling within the case of Haven v. Foster, 9 Pick. R. 112. Farther investigation satisfied us, that the true principle on this head is laid down in 2 Wash. C. C. R. 104; “that if the contract of a foreigner is to be completed in, or has reference to its execution in a foreign country, and is repugnant to the laws of that country, he is bound by them.”
We have nothing to say in behalf of the morality of this *387 transaction, nor in favor of those who make the defence, but as they interpose the law as a shield, we cannot do less than say it covers and protects them.
The decree of the vice-chancellor must be reversed, and the bill dismissed, but each party to pay his own costs in the court below.
Decree reversed.